# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FREDERICK BANKS**                                                      **PLAINTIFF**

**VS.**                      **CIVIL ACTION NO. 5:09cv65-KS-MTP**

**BRUCE PEARSON, WARDEN**                               **DEFENDANT**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AND DISMISSING THE PLAINTIFF'S CLAIMS AGAINST MR. PEARSON WITHOUT PREJUDICE

BEFORE THE COURT is the *pro se* Petition of Frederick Banks for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241, and Petitioner's Motion for Summary Judgment [14].

## I. PROCEDURAL HISTORY

On February 25, 2005, Petitioner Frederick Banks was sentenced in the United States District Court for the Western District of Pennsylvania to a term of sixty (60) total months to run concurrently for convictions of mail fraud, copyright infringement, money laundering, uttering and possession of a counterfeit or forged security, and witness tampering. *See* Ex. 1 to Response [12]. Banks was also ordered to pay a special assessment of $700.00, and restitution in the amount of $70,708.59. *Id.*[1] In a second case, on March 10, 2006, Banks was sentenced to a term of sixty-three (63) total months for convictions of eight counts of mail fraud, to be served consecutive to his previous sentence. *See* Ex. 2 to Response [12]. In the second case, Banks was ordered to pay a special assessment of $800.00 and restitution in the amount of $15,100.10.[2] *Id.* Thus, Banks's aggregated sentence is 123-months, his total restitution amount is $85,808.69, and

the total amount due for special assessment is $1500.00. Both criminal judgments provide that the payment of criminal monetary penalties shall be made through the defendant's participation in the U.S. Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"), whereby 50 percent of his prison salary shall be applied towards the payment of restitution. *See* Ex. 1 to Response [12] at 10; Ex. 2 to Response [12] at 17.

Banks is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), and is projected for release on May 24, 2013.[3] In the instant Petition, filed on April 21, 2009, Banks alleges that the BOP has unlawfully placed a lien on his inmate account and is unlawfully taking payments from such account for court ordered restitution in violation of his due process rights. Petition [1] at 4. Banks moves the court to order the BOP to remove the lien from his account and to return the nearly $2,000.00 it has taken from his account thus far.

Respondent contends that the instant petition should be denied because 1) Banks failed to exhaust his administrative remedies and thus, the court lacks jurisdiction to review his petition; and 2) Banks has suffered no deprivation of a right under the constitution or the laws of the United States. On October 27, 2009, Banks filed his Reply/Motion for Summary JudgmentThe same pleading is docketed as a Reply [13] and a Motion [14] for Summary Judgment. *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).[13][14] in response to Respondent's Response [12], claiming that even if the BOP did have the authority to collect payments from his account, it was collecting more than 50% of his account balance in violation of the court's orders. He also claims he attempted to exhaust his administrative remedies, but that BOP officials refused to give him forms. Respondent filed his Response [15] to the Reply/Motion for Summary Judgment [13][14] on November 5, 2009, and

Banks filed his Reply [16] on November 10, 2009.  Magistrate Judge Michael T. Parker entered his Report and Recommendation [17] in this matter on February 26, 2010.  The Plaintiff filed his objection [18] with the Court on March 5, 2010.  The Respondent notified the Court [19], pursuant to Uniform Local Rule 72(a)(3), that no response would be filed to the Petitioner's Objections.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.").  Such review means that this Court will examine the entire record and will make an independent assessment of the law.  The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTION AND ANALYSIS

In his objection [18] Petitioner Banks reiterates his initial allegation [1] that he was denied the forms necessary to file administrative grievances and exhaust administrative

remedies. This argument remains without merit. Banks has filed numerous grievances with access to the proper forms. In his objection, Banks argues that he has been prohibited from exhausting his administrative remedies in 116 out of 120 grievances filed up to the date of this action. [18] at 1. However, as Government Exhibit 3 [12] shows, Banks has not even begun the administrative remedy process for the claim at bar. This Court finds no evidence of a correlation between this current, uninitiated claim, and the 116 other grievances which were correctly pursued through administrative channels where exhaustion may or may not have been possible for any number of possible reasons to which this Court will not speculate.

Petitioner also claims, in his objection [18], that he made no claim that the administrative remedy program was futile, and, therefore, did not bear the burden of proving extraordinary circumstances which would warrant waiving the exhaustion requirement as was stated in the Report and Recommendation. See [17] at 4. While the Petitioner may not have had this particular burden of proof, alternatively, he would have had the burden of showing that he could not have gotten the forms from another source. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). Banks' argument that he was denied the forms is inconsistent with his prolific history of filing administrative grievances. For the reason's stated above, this Court agrees with Magistrate Judge Parker's Report and Recommendation that the Petitioner has not exhausted his administrative remedies and has not provided sufficient evidence of circumstances that would waive the exhaustion requirement.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of

the entire record and a *de novo* review of the matters raised by the objection.  For the reasons set forth above, this Court concludes that Banks' motion [14] lacks merit and should be denied.  The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards.  Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.  Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Petitioner's  Motion for Summary Judgement [13][14] is hereby **denied** and Petitioner's Petition for a Writ of Habeas Corpus is **dismissed without prejudiced**.

SO ORDERED AND ADJUDGED on this, the 16th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE